UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| EBONY COLEMAN ) | |

## PLEA AGREEMENT

Defendant Ebony Coleman, represented by her counsel, Toly A. Siamos, Esq., and the United States of America, represented by Assistant United States Attorney Marcela C. Mateo, respectfully state to this Honorable Court that they have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1. **GUILTY PLEA**

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Count One of the Information, which charges which charges a violation of 18 U.S.C. § 4 (Misprision of Felony).

2. **ELEMENTS AND FACTUAL BASIS**

The elements necessary to prove Count 1 are (1) a federal felony was committed, to wit: a violation of Title 21, United States Code, Section 856(a)(1) (Maintaining Drug-Involved Premises); (2) the Defendant had knowledge of the commission of that felony; (3) the Defendant failed to notify an authority as soon as possible; and (4) the Defendant did an affirmative act, as charged, to conceal the crime.

Defendant agrees that she is, in fact, guilty of this offense. Defendant admits

1

Initials e.c.

that the Government could prove each and every element of the offenses to which she is pleading guilty. She agrees to the accuracy of the following facts, which satisfy each of the offenses' required elements:

In early 2022, law enforcement began investigating the drug trafficking activities of James Burton, Gregory Smiley, and others in the Southern District of Georgia. The investigation revealed that James Burton and Gregory Smiley were the source of supply for the drug trafficking organization and distributed cocaine, cocaine base, methamphetamine and marijuana to co-defendants and others.

The investigation revealed a conspiracy among co-defendants in Chatham County and elsewhere. Federal and state search warrants, controlled purchases, surveillance, Title III intercepts, and other investigative techniques revealed a drug trafficking organization that distributed various controlled substances beginning as early as January 2017 and continuing through at least April 2023.

During the course of the investigation, Defendant EBONY COLEMAN was associated with Gregory Smiley. COLEMAN lived at 217 West Henry, Apartment C, located in Chatham County, Georgia, with also utilities in her name. Over the course of October 2022 until the return of the Indictment, the premises was used to store and distribute controlled substances, to include cocaine, cocaine base, methamphetamine, Fentanyl and marijuana. Smiley would routinely leave COLEMAN's apartment and then go to a drug transaction. A federal search warrant was executed on the property on December 21, 2022. Seized from the property were multiple items to include mail in COLEMAN's name, cocaine base, Fentanyl, marijuana, digital scale, and

Initials *E.C.*

methamphetamine, consistent with the storage and distribution of controlled substances from the property.

COLEMAN knew Smiley was involved in drug trafficking. She had knowledge of that 217 West Henry Street, Apartment C, was used for the storage and distribution of controlled substances. She continued to live there, concealed the crime and failed to notify any authority of the illegal activity.

Based on the evidence in this case, COLEMAN can be attributed with least 100 kilograms but no more than 400 kilograms of converted drug weight.

The Government would have proven this at trial with recorded phone calls and texts, witness and expert testimony, documentary evidence, photographs and other evidence obtained over the course of the investigation.

3. **POSSIBLE SENTENCE**

Defendant's guilty plea to Count 1 will subject her to the following maximum possible sentence:  imprisonment of not more than 3 years, a supervised release term of not more than 1 year, and a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

4. **NO PROMISED SENTENCE**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else.  The Court may impose a

Initials _e.c._

sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5. **COURT'S USE OF GUIDELINES**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining her sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. **AGREEMENTS REGARDING SENTENCING GUIDELINES**

   a.   *Acceptance of Responsibility*

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the Government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

   b.   *Use of Information*

Nothing in this agreement precludes the Government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the

Initials e.c.

applicable Sentencing Guidelines range. Any incriminating information provided by the Defendant during the Defendant's cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

    c.    *Quantity of Drugs*

The Government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that, for purposes of Section 2D1.1 of the Sentencing Guidelines, the offense involved at least 100 kilograms but no more than 400 kilograms of converted drug weight.

7.    **DISMISSAL OF INDICTMENT**

At sentencing, the Government will move to dismiss, as to Defendant, the original Indictment and Superseding Indictment in Case Number 4:23-cr-035 that remain pending against Defendant.

8.    **FINANCIAL OBLIGATIONS AND AGREEMENTS**

    a.    *Special Assessment*

Defendant agrees to pay a special assessment in the amount of $100.00 per count, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

    b.    *Required Financial Disclosures*

Not later than 30 days after the Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all her assets and financial interests, whether held directly or indirectly, solely or jointly, in her name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury

Initials *e.c.*

and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

    c.    *Financial Examination*

Defendant will submit to an examination under oath on the issue of her financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

    d.    *No Transfer of Assets*

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon her by the Court at sentencing. Defendant promises that she will make no such transfers in the future.

    e.    *Material Change in Circumstances*

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven (7) days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

Initials e.c.

  f.  *Enforcement*

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9. **WAIVERS**

  a.  *Waiver of Appeal*

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

  b.  *Waiver of Collateral Attack*

Defendant entirely waives Defendant's right to collaterally attack Defendant's

Initials *e.c.*

conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    *FOIA and Privacy Act Waiver*

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. **DEFENDANT'S RIGHTS**

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which she will waive by pleading guilty,

Initials *e.c.*

including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11. **SATISFACTION WITH COUNSEL**

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

12. **BREACH OF PLEA AGREEMENT**

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the Government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the Government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

Initials e.c.

13. **ENTIRE AGREEMENT**

    This agreement contains the entire agreement between the Government and Defendant. The Government has made no promises or representations except those set forth in writing in this Plea Agreement. The Government further denies the existence of any other terms or conditions not stated herein. No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

                                                                 TARA M. LYONS
                                                                 ACTING UNITED STATES ATTORNEY

07/07/2025
———————
Date

                                                                 E. Greg Gilluly
                                                                 Deputy Chief, Criminal Division

07/07/2025
———————
Date

                                                                 Marcela C. Mateo
                                                                 Assistant United States Attorney

Initials _e.c._

Ms. Coleman initialed unsignatured page.

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

__6JUL25__  
Date

*Ebony Coleman* (signature)  
Ebony Coleman  
Defendant

I have fully explained to Defendant all of her rights, and I have carefully reviewed each and every part of this agreement with her. I believe that she fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

__6JUL25__  
Date

(signature)  
Toly A. Siamos  
Defendant's Attorney

11

Initials *e.c.*